# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **CHARLEY BAILEY,** ) | |
| **Administrator of the Estate of** ) | |
| **DANIEL BAILEY,** ) | |
| ) | **Civil Action No. 5:16-02959** |
| **Plaintiff,** ) | |
| **v.** ) | |
| ) | |
| **BECKLEY VA MEDICAL CENTER,** ) | |
| ) | |
| **Defendant.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed *in Forma Pauperis*. (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined the Complaint, the undersigned concludes that this case must be dismissed.

## FACTUAL BACKGROUND

On March 29, 2016, Plaintiff, acting *pro se*,[1] filed a Complaint seeking relief pursuant to the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq.*[2] (Document No. 2.) Plaintiff alleges that employees of the Beckley VA Medical Center acted negligently in providing

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] The FTCA authorizes suits against the United States for damages for injuries or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the United States while acting within the scope of his or her office or employment under circumstances where the United States, if a private person, would be liable in accordance with the law of the place where the act or omission occurred.

medical treatment for his father, Daniel Bailey. (Id.) Specifically, Plaintiff contends that physicians at the Beckley VA Medical Center acted negligently in diagnosing and providing medical treatment for Daniel Bailey's cancer. (Id.) As relief, Plaintiff requests monetary damages and an injunction ordering "better communication of information at a faster pace and processing." (Id.) As an Exhibit, Plaintiff attaches a copy of the "Letters of Administration" exhibiting that Plaintiff was appointed as the administrator of Daniel Bailey's estate. (Document No. 2-1.)

## **THE STANDARD**

Because Plaintiff has applied to proceed without prepayment of the Court's filing fees and costs, the documents comprising his Complaint are subject to pre-service screening pursuant to 28 U.S.C. § 1915. See Randolph v. Baltimore City States Atty., 2014 WL 5293708 at *2 (D.Md.), aff'd, Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978)(A District Court should allow *pro se* plaintiffs reasonable opportunity to develop

pleadings.); Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965)(*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), quoting Conley v. Gibson, 355 U.S. 41, 45 - 46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

## **DISCUSSION**

Individuals have a statutory right pursuant to 28 U.S.C. § 1654 to prosecute their own cases *pro se* in federal courts. 28 U.S.C. § 1654("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); also see Faretta v. California, 422 U.S. 806, 825, 834, 95 S.Ct. 2525, 2536-41, 45 L.Ed.2d 562 (1975)(Stating that Section 1654 "guarantee[s] a choice between representation by counsel and the traditional practice of self-representation."); Myers v. Loudoun County Public Schools, 418 F.3d 395, 400 (4th Cir. 2005)("An individual unquestionably has the right to litigate his own claims in federal court . . ..) "The right to litigate for *oneself*, however, does not create a coordinate right to litigate for *others*." Myers, 418 F.3d at 400(emphasis in original)(holding that generally a parent may not proceed *pro se* on behalf of his or her child); also see Osborne v. Bank of the United States, 22 U.S. 738, 6 L.Ed. 204 (1824)(A corporation can appear only by an attorney, while a natural person may appear for himself.) The Fourth Circuit has explained that "we consider the competence of a layman representing himself to

be clearly too limited to allow him to risk the rights of others." Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975)(finding that an individual may not proceed *pro se* on behalf of a class of plaintiffs); also see Guest v. Hansen, 603 F.3d 15, 20 (2nd Cir. 2010)("The law contains so many esoteric pitfalls for an untrained advocate . . . that the risk of inadvertent waiver or abandonment of an issue is too high for us to allow a *pro se* litigant to represent another person.").

In the instant case, Plaintiff, acting *pro se* and as the administrator of his father's estate, brings claims against the Beckley VA Medical Center. Plaintiff does not allege any claims in his individual capacity. Instead, Plaintiff asserts that employees of the Beckley VA Medical Center acted with negligence in providing medical care for his father. Although the Fourth Circuit has not directly addressed the issue, other circuits have held that an administrator or executor of an estate may not act *pro se* unless he or she is the sole beneficiary and the estate has no creditors. Bass v. Leatherwood, 788 F.3d 228, 230 (6th Cir. 2015); Malone v. Nielson, 474 F.3d 934, 937 (7th Cir. 2007); Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002); Pridgen v. Andresen, 113 F.3d 391, 393 (2nd Cir. 1997); also see Witherspoon v. Jeffords Agency, Inc., 88 Fed. Appx. 659 (2004)(citing *Pridgen* and *Shepherd*, the Fourth Circuit noted that there was an issue concerning whether the *pro se* litigant was the sole beneficiary and whether the estate had creditors). The Second Circuit explained that where the estate has creditors or the administrator or executor is not the sole beneficiary, "an action cannot be described as the litigant's own, because the personal interest of the estate, other survivors, and possible creditors, . . . will be affected by the outcome of the proceedings." Iannaccone v. Law, 142 F.3d 553, 559 (2nd Cir. 1998). In the instant case, Plaintiff has not indicated that he is the sole beneficiary of the estate or that the estate has no creditors. Although the Court sympathizes with Plaintiff's circumstances, the undersigned finds

that is inappropriate for Plaintiff to proceed *pro se*. See McAdoo v. United States, 2014 WL 359043 (W.D.N.C. Feb. 3, 2014)(finding that plaintiff could not proceed *pro se* on behalf of the estate where Plaintiff was not the only beneficiary); Kimble v. Withers, 2013 WL 6147678 (W.D.Va. Nov. 22, 2013)(finding that plaintiff could not proceed *pro se* on behalf of the estate where evidence indicated that there was at least one creditor and one other beneficiary), aff'd, 565 Fed.Appx. 270 (4th Cir. 2014); United States v. Nazarian, 2011 WL 1559378 (D.Md. April 25, 2011)(finding that even though the estate was insolvent, plaintiff could not proceed *pro se* where he was not the sole beneficiary or creditor). Accordingly, the undersigned respectfully recommends that the District Court dismiss the above action unless Plaintiff either (1) obtains counsel, or (2) provides the Court with evidence that he is the sole beneficiary of the estate *and* that the estate has no creditors.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* (Document No. 1), **DISMISS** Plaintiff's Complaint (Document No. 2) and **REMOVE** this matter from the Court's docket unless Plaintiff can demonstrate within the period of time allotted for objecting to this Proposed Findings and Recommendation that (1) Plaintiff is the sole beneficiary of the estate *and* that the estate has no creditors, or (2) Plaintiff has obtained counsel to represent him.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

5

Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: April 7, 2016.

Omar J. Aboulhosn
United States Magistrate Judge